UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JUAN A. VILLAFANA,                                          :
                                                            :
                    Plaintiff,                              :
                                                            :
          -AGAINST-                                         :          **MEMORANDUM AND ORDER**
                                                            :
PAUL SO and URS MIDWEST INC.,                               :          13 CIV. 180 (KNF)
                                                            :
                    Defendants.                             :
------------------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

       This negligence action was commenced in the New York State Supreme Court, New York

County; thereafter, it was removed to this court by the defendants, pursuant to 28 U.S.C. § 1441.  In their

notice of removal, the defendants maintain that the action is removable based on "diversity of citizenship

conferred by 28 U.S.C.A. Section 1332."  According to the defendants, complete diversity exists among

the parties because "[t]he plaintiff is a citizen and resident of the State of New York . . . Defendant Paul

SO is a citizen and resident of the State of Maryland . . . Defendant URS Midwest Inc. is a corporation[,]

which is incorporated in Delaware[,] with a principal place of business in Michigan."  In addition, the

defendants contend that, "[a]ccording to the Verified Complaint, plaintiff's alleged injuries are serious in

nature and exceed the jurisdictional limits of all lower New York State courts.  Upon information and

belief, the amount in controversy in this action exceeds the $75,000 required for Federal District Court

Jurisdiction."  The plaintiff's verified complaint does not identify the amount in controversy.

       Pursuant to 28 U.S.C. § 636(c), the parties consented to the undersigned's jurisdiction for all

purposes.  Prior to the parties' consent to the undersigned's jurisdiction, this action was assigned to the

Honorable Katherine B. Forrest.  Rule 6C of Judge Forrest's "Individual Practices," requires the party

asserting the existence of diversity jurisdiction, under 28 U.S.C. § 1332, to "explain[] the basis for that

party's belief that diversity jurisdiction exits."   In accordance with Rule 6C of Judge Forrest's Individual

Practices, on April 4, 2013, counsel to the defendants submitted a letter to the court in which he recited

the same reasons noted above to support his contention that this action was removable from the state court whence it came.

"The [federal] district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between — (1) citizens of different states." 28 U.S.C. § 1332(a).  "It is a fundamental precept that federal courts are courts of limited jurisdiction. [Accordingly,] [t]he limits upon federal jurisdiction, whether imposed by the Constitution or by Congress, must be neither disregarded nor evaded." Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 374, 98 S. Ct. 2396, 2403 (1978).  Moreover, "[t]he Supreme Court has held that the party asserting diversity jurisdiction in federal court has the burden of establishing the existence of the jurisdictional amount in controversy." Lupo v. Human Affairs Int'l, Inc., 28 F.3d 269, 273 (2d Cir. 1994) (citation omitted).  Nevertheless, a defendant is not required to prove the amount in controversy to an absolute certainty; instead, the defendant "has the burden of proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount." Mehlenbacher v. Akzo Nobel Salt, Inc., 216 F.3d 291, 296 (2d Cir. 2000) (citation omitted).  However, "if the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendants' notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court." Lupo, 28 F.3d at 273-74.

As noted above, the burden is on the defendants to establish that removal is proper.  See id. at 273.  The defendants assert that, "upon information and belief," the amount in controversy exceeds $75,000, because the "plaintiff's alleged injuries are serious in nature and exceed the jurisdictional limits of all lower New York State courts."  The defendants' reliance on the plaintiff's reference to an unidentified injury that is "serious in nature," to assert that the amount in controversy exceeds $75,000 is tenuous and not well-grounded.  As such, it does not warrant the Court in finding that a "reasonable

probability" exists that the amount in controversy exceeds the jurisdictional amount.  Mehlenbacher, 216 F.3d at 296.

If the practice in the state court from which an action was removed does not permit a plaintiff to demand in the complaint a specific sum that it seeks to recover, a defendant may assert the amount in controversy in its removal petition.  See 28 U.S.C. § 1446(c)(2)(A)(ii).  This action was removed from the New York State Supreme Court, New York County.  Under New York law, in an action to recover damages for personal injury, such as the instant action, the complaint "shall contain a prayer for general relief but shall not state the amount of damages to which the pleader deems himself entitled."  New York Civil Practice Law and Rules § 3017(c).  Thus, the defendants were permitted to assert the amount in controversy in their removal petition; however, the information alleged therein fails to establish "by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)."  28 U.S.C. § 1446(c)(2)(B).  Furthermore, neither a conclusory statement that the amount in controversy exceeds the sum specified in 28 U.S.C. § 1332, see Gilman v. BHC Securities, Inc., 104 F.3d 1418, 1428 (2d Cir. 1997), nor a "mere averment," is enough to satisfy the defendants' burden.  McNutt v. General Motors Acceptance Corp. of Ind., 298 U.S. 178, 189, 56 S. Ct. 780, 785 (1936).

Based on the record before it, and mindful that "federal courts construe the removal statute narrowly, resolving any doubts against removability[,]" Lupo, 28 F.3d at 274, the Court finds that the defendants have not satisfied their burden of establishing that the amount in controversy exceeds $75,000; therefore, this matter was removed improperly from state court.  Accordingly, this action is remanded to the state court from which it was removed, the New York State Supreme Court, New York County.

Dated: New York, New York
      May 29, 2013

SO ORDERED:

_____
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE